F. W. SHAW and WIFE, and others *v.* DAVID COBLE and others.

A guardian who advances money for his ward over and above the income of his estate, in order to set him up in business, or for other purposes, without applying to the Court for leave, is not entitled to charge the ward with it.

Where the administrator of a deceased ward settled with the guardian in February 1864, and received from him Confederate money at its face value in payment of the balance due the ward,

*Held*, that such payment was conclusive, *and* the guardian was entitled to credit for it in an account taken between him and his ward's next of kin.

BILL, set for hearing upon exceptions to a report by the clerk and master, at Spring Term 1868 of the Court of Equity for GUILFORD, and transferred to this Court by consent.

The plaintiffs were the next of kin of one John Amick, deceased, and the defendants were the guardian and the administrator of the deceased, together with a representative of another one of the next of kin.

At Fall Term 1866 the cause had been referred to the clerk and master, to state an account. At Spring Term 1868

the report of the master was filed, with the exceptions thereto.

The exceptions were as follows:

1st. "That the clerk and master did not allow the defendant Coble, as guardian of John Amick, credit for the amount expended in setting up his ward as a farmer upon his own land."

2nd. "That the guardian is not allowed credit for the $7.25 paid to F. W. Shaw for the difference in the division of his wife's land."

3rd. "That he is charged with the balance, after taking out the gold value, of the payment to the defendant Lineberry on the 19th of Feb., 1864, of the sum of $699.39, viz: 458.54."

4th. "That the defendant Coble is not allowed credit for the sum of $699.36, paid by him to the defendant Lineberry, Feb. 19th, 1864."

*Bragg*, for the plaintiffs.

*Scott & Scott*, for the defendants.

READE, J.  I. The first exception is overruled. A guardian who advances money for his ward, over and above the income of his estate, in order to set him up in business, or for other purposes, without applying to the Court for leave, is not entitled to charge his ward with it. It is against the interests of society, and the policy of the law, and often ruinous to the ward, to allow him the use and control of his property, and an expenditure beyond the income of his estate.

II. The second exception is sustained. The payment of the incumbrance upon the land of the plaintiff's wife, enured to his benefit, and it ought to be allowed.

III. IV. The third and fourth exceptions are considered together. Coble, the guardian, settled with Lineberry, the administrator of the deceased ward; and there being a balance found to be due by the guardian, of $699.36, he paid the amount in Confederate money, which was greatly depreciated, to Lineberry, the administrator, and took his receipt. Whether the administrator ought to have received it or not, he did

receive it, and that is a discharge to the guardian, and it becomes a matter between the administrator, Lineberry, and the plaintiffs, and Lineberry is responsible to the plaintiffs for the full amount ($699.36,) because it was his fault to receive $699.36, in Confederate money, when it was so far depreciated as to be worth only $33.00.

The account will be reformed in accordance with this opin-ion, and a decree accordingly.

PER CURIAM.                         Decree accordingly.