STATE OF NORTH CAROLINA *ex rel.* JOSEPH S. JONES as Trustee, *v.*
JACOB F. BROWN.

When a guardian subsequently became trustee, there is no presumption of law
that he ceased to hold the fund as guardian as soon as he became trustee.

(*Harrison* v. *Ward*, 3 Dev. R. 417, *Clancy* v. *Carrington*, 3 Dev. R. 529, cited and
approved.)

When a guardian received a note in settlement from a former guardian which
had no surety, but the maker was solvent, although the taking of the bond
without security was negligence in the former guardian, and although the
subsequent guardian was not obliged to take it, yet after he has taken it,
the former guardian is discharged.

(*Shaw* v. *Coble*, 63 N. C. Rep., cited and approved.)

This was an ACTION OF DEBT on a guardian bond, tried
before *Watts, J.,* at Fall Term, 1871, of WARREN Superior
Court.

The case was argued at the last June Term of this Court,
and the judgment of the Court was deferred, in order that
the exceptions to the report might be fully argued. The
facts are stated in the report and opinion of the Court. Vol.
67 N. C. Rep., 475, *et seq.* which *vide.*

*Batchelor & Son* and *Plummer*, for appellant.
*Moore & Gatling*, contra.

READE, J. There came into the hands of the principal of
the defendant as guardian of Lucy Brown such sum as ad-
ded to the interest up to 1st September, 1871, (see report of
referee,) make $33,871.83. And the defendant is entitled to
credits, (see same report, with commissions at $2\frac{1}{2}$ per cent.
and the Burgess note added,) $29,485.95, which deducted
from the receipts as above, leaves a balance in the defend-
ant's hands as guardian, as of 1st September, 1871, $4,385.88.
From which is to be deducted interest upon Burgess' note.

1. In arriving at this conclusion, we overruled the first

exception, which is founded upon the fact that the guardian subsequently became trustee, and upon the supposed presumption of law that the defendant ceased to hold the fund as guardian, as soon as he became trustee.

The answer is, that there is no such presumption of law. See *Harrison* v. *Ward*, 3 Dev. R. 417, and *Clancy* v. *Carrington*, 3 Dev. R. 529. And whatever presumption of fact might ordinarily arise from assuming a new relation to the fund is rebutted here by the finding of the referee, that there had been no change of the fund from the guardian to the trustee.

2. We overrule the second exception, founded upon the supposed fact that the real estate of Lucy Brown, the defendant's ward, was not conveyed to the plaintiff Jones, as trustee, but was conveyed to the husband of Lucy, Samuel W. Eaton. The fact is misconceived, for the deed of October 1861, from said Lucy to plaintiff Jones, conveyed all her real and personal estate, including what was in the hands of her guardian in trust for her husband, Eaton. And the money arising from the sale of land, which was realty, was in the hands of her guardian.

3. We overrule the third exception for the same mistake of fact. The interest and profits follow the principal, and the principal, as was just said, was conveyed to the plaintiff as trustee.

4. We sustain this exception to the commissions allowed by the referee, which were only the trifling sum of $117.84; we have added two and a half per cent. upon the receipts, making $796.10.

5. The fifth exception is allowed, and is embraced in the statement and balance aforesaid. The guardian received the Burgess note from a former guardian, and although it had no sureties, yet the maker was solvent, and although the taking of the bond without security was negligence in the former guardian, and although the subsequent guardian was not obliged to take it, yet he did take it, and that dis-

charged the former guardian. See *Shaw* v. *Coble*, 63 N. C. R. 377. And so the plaintiffs Jones and Eaton were not obliged to receive it, yet they did receive it, and that discharges the guardian from liability to *them.*

7. The seventh exception is overruled. The supposed primary liability of the former guardian does not exist, because the subsequent guardian by receiving the Burgess and other notes from him as so much money, discharged him so far at least as the subsequent guardian was concerned.

8. The eighth exception is founded upon the supposed fact that the real estate and income were not conveyed to plaintiff Jones as trustee; but we have already seen that is not true. The exception is therefore overruled. There are divers other exceptions which were not insisted on in this Court.

The result is to sustain the account of the referee, except that there must be deducted from the balance stated against the defendant, the amount of the Burgess note and additional commissions, $796.10. It will be referred to the clerk of this Court, to make the calculations and report; and there will be judgment here for the balance against the defendant.

PER CURIAM.                    Judgment accordingly.