McKINNON & LILLY v. McKAY McKINNON and others.

*Guardian Bond—Liability of Surety—Pleading.*

1. The sureties on a guardian bond are not responsible for the non-payment of a note given by the guardian, and signed by him *as guardian,* for the board and tuition of his ward.

2. In declaring upon a guardian bond, the plaintiff should set forth the condition the breach of which is the *gravamen* of the action.

4. A creditor of a guardian is not the proper relator in an action upon the guardian bond.

(*Jones* v. *Brown,* 67 N. C., 475, cited and approved.

CIVIL ACTION upon a Guardian Bond tried at Fall Term, 1878, of RICHMOND Superior Court, before *Buxton, J.*

The plaintiffs were the business managers of Floral College, and in their complaint alleged that defendant McKinnon was duly appointed guardian of Hattie S. McKinnon and executed his bond with Hugh L. Patterson as one of the sureties; that said surety died leaving a will, and the defendant, Gilbert Patterson, qualified as the executor therein named ; that said guardian on account of board and tuition of his ward at said college became indebted to the plaintiffs in the sum of three hundred and sixty dollars and ninety-six cents, evidenced by three notes made by him as guardian aforesaid, and upon which judgments have been recovered by the plaintiffs, and the same have not been paid ; that the ward has become of full age and has had a final settlement with her said guardian who retained sufficient funds of his ward to pay said indebtedness; wherefore the plaintiffs demand judgment, &c.

The defendants demurred to the complaint, for that, there is no allegation that the conditions of the bond have not been complied with or that any of them have been broken ; and there are no facts stated showing legal liability on the

part of defendants in this action to pay the plaintiffs.    The demurrer was sustained, and the plaintiffs appealed.

*Messrs. W. F. French* and *McNeill & McNeill,* for plaintiffs.
*Mr. John D. Shaw,* for defendants.

ASHE, J.   The defendant, McKay McKinnon, was the duly appointed guardian of Hattie S. McKinnon, and entered into bond with the usual conditions for the performance of the duties of a guardian, in the court of probate for Richmond county, with one Hugh L. Patterson as surety thereto.   Hugh L. Patterson died leaving a last will and testament in which he appointed the defendant, Gilbert Patterson, his executor.

For the board and tuition of his ward at Floral College, the defendant guardian gave his three several notes to the plaintiffs, as the business managers of the college, and signed each of the notes with his own name as "guardian of H. S. McKinnon."   Upon the arrival of his ward at lawful age, he came to a final settlement with her, and retained in his hands a sufficient fund to pay off and discharge these notes.   On the failure of McKinnon to pay them upon demand, the plaintiffs instituted actions against him and recovered a judgment upon each of the notes for the amount due thereon ; and the plaintiffs not being able to obtain satisfaction of the judgments brought this action upon the guardian bond, suing for the penalty thereof "to be discharged upon the payment of the amounts of the said judgments against the defendants, McKay McKinnon and Gilbert Patterson the executor of Hugh L. Patterson, deceased."

The defendant filed a demurrer to the complaint and alleged as causes of demurrer:

1. That there is no allegation that the conditions of the

guardian bond sued on have not been complied with, or that any of the conditions of said bond have been broken.

2. That there are no facts stated showing legal liability on the part of the defendants in this action to pay plaintiffs.

The demurrer was sustained by His Honor and the plaintiffs appealed to this court.

The penalty of a guardian bond is given in trust for the ward, and the conditions are that the guardian "will secure and improve the estate of the ward during her minority, and on her arrival at full age will deliver up, pay and possess her of all such estate as she ought to be possessed of, or to such persons as shall be authorized and empowered to receive the same." And it is provided that any person injured by a breach of the conditions of the bond may prosecute his suit thereon. Bat. Rev., ch. 53, § 12. And the plaintiffs say they are injured, and therefore bring this ac-, tion. But it seems to us to be an experimental suit. It is certainly an action of the first impression. For when the bond is given exclusively for the protection, improvement, and the faithful delivery up of the estate of the ward on her arrival at full age, we cannot see how any one but the ward, or some one asserting a right in her behalf, or her personal representative, can be injured by a breach of the conditions of the bond. The words, " or to such other persons as shall be authorized and empowered to receive the same," evidently refer to a succeeding guardian, a personal representative, or a trustee, or some one to whom the guardian may be directed by a court of competent jurisdiction to transfer the estate of his ward, as was done in the case of *Jones* v. *Brown,* 67 N. C., 475.

But admitting they have reference to an assignee of the ward, that will not help the plaintiffs, for they are not the assignees of the ward. There was no contract and no privity between the ward and the plaintiffs. They looked to the guardian for their money, and he by giving his notes

and submitting to judgments thereon made them his individual debts. And the ward came to a final settlement with him and left a sufficient amount in his hands to indemnify him against the claims of the plaintiffs; by which transaction the surety was clearly discharged from all further liability on the bond. Even if the plaintiffs could bring themselves within the class of injured persons who are authorized to sue upon the bond, their complaint is defective, in that, it does not set forth any condition of the bond by the breach of which they have sustained damage.

We think there was no error in the judgment of the court below, and that the demurrer was 'sustainable upon both the grounds assigned for cause. There is no error. Let this be certified, &c.

No error.                                   Affirmed.