# THE STATE OF MARYLAND,
## To the Use of James A. Dunham,

*vs.*

# THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, A Corporation.

*Guardians: bonds and accounts; administration in Orphans'*
*Court; liability for bills; maintenance and education of*
*ward; protection of guardian; errors in amount,*
*correction of——. Surety: liability of——.*

The condition of a guardian's bond does not require a guardian to pay all bills incurred for the ward out of the income received; but the statute requires that a guardian settle an account of his trust with the Orphans' Court, and that Court should ascertain in its discretion the amount of the sum to be annually expended for the maintenance and education of the infant.                                    p. 470

The administration of a guardianship trust is to be carried on under the supervision of the Orphans' Court, and the money received by the guardian is to be expended under the direction of the Orphans' Court.                          p. 470

A surety is not to be held beyond the terms of his contract; the claim against him is *strictissime juris.*          p. 470

Guardains acting under the order of the Orphans' Court will be protected so long as the order stands and remains unreversed.                                       p. 471

The Orphans' Court has authority to correct any errors in the accounts of a guardian, even after final ratification, and to abrogate and modify their own orders when necessary to promote the ends of justice.                      p. 471

It is the obligation of a guardian to pay for the maintenance and education of the ward out of the property under his control.                                        p. 472

A refusal to comply with this duty would constitute a breach of the guardianship bond, and the creditor could resort to a suit upon it.                                       p. 472

*Decided April 3rd, 1918.*

Appeal from the Baltimore City Court.   (HEUISLER, J.)

The cause was submitted to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George Ross Veazey* submitted a brief for the appellant.

*Benjamin A. Stansbury* submitted a brief for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This suit was brought on the bond of Mrs. Agatha W. McShane, guardian of Mary W. Vest, George Graham Vest, Jr., and John W. Vest, beneficiaries under the will of George P. Vest, deceased, of the State of Missouri, in the name of the State for the use of James A. Dunham, a creditor, to recover the sum of four hundred and sixty-five dollars and eighty-six cents, alleged to be due him, for the education of two of the infant children of the testator.

The trial of the case, in the Baltimore City Court, resulted in a judgment for the plaintiff against the guardian, one of the defendants, for the sum of $450, with interest and costs. From this judgment no appeal has been taken.

A demurrer to the declaration, on behalf of the appellee, the surety on the bond, the other defendant in the case, was sustained by the Court below, and from a judgment for costs in favor of this defendant the plaintiff has taken this appeal.

. The main question to be considered is the liability of the appellee, the surety on the bond, and this is presented by a demurrer to the plaintiff's declaration. As the facts appear from the declaration and are somewhat unusual, we will set out the declaration at length. It is as follows:

> "1.  That in the year 1904 G. G. Vest, a citizen of the State of Missouri, died in that State, leaving a will, one of the provisions of which was as follows:
>
>> " 'One-third of my estate, after carrying out the provisions heretofore set forth in regard to my wife, shall be held by my said trustees and executors for the benefit of the three children of my deceased son, George P. Vest, namely: Mary W. Vest, George Graham Vest, Jr., and John W. Vest, for whose education and support the rents, property and proceeds of said one-third part of my estate shall be applied by my said trustees and executors at such times, and in such amounts as they may deem necessary, and when each of the three children shall be twenty-one years of age, the share of such child shall be paid over to her or him.'
>
> "2.  That on or about February 28th, 1911, Mrs. Agatha W. McShane, now residing in Centreville, Maryland, was duly appointed and qualified in the Orphans' Court of Baltimore County as guardian of the infant children above mentioned; that as such guardian it was her duty to account to the Orphans' Court, upon request, for all monies received by her while acting as said guardian, it being further her duty to pay all bills incurred by her on the behalf of said infant wards, out of income received by her for that purpose.
>
> "3.  That on February 28th, 1911, said Agatha W. McShane and Fidelity and Deposit Company of Maryland bound themselves jointly and severally unto the State of Maryland in the penalty of three thousand ($3,000) dollars for the full and faithful performance by the said Agatha W. McShane, guardian as afore-

said, of all the duties imposed upon her by the laws of the State of Mrayland, including the duty to faithfully account with the Orphans' Court of Baltimore County for the management of the property and estate of the orphans under her care, and further including the duty aforesaid to pay all bills incurred by her on the behalf of the said infant wards out of income received by her for that purpose.

"4.   That on the 15th day of April, 1914, after the filing of a petition on the part of Fidelity and Deposit Company of Maryland, asking to be released from the above bond, and also after the filing of a petition by the guardian herself in the Orphans' Court of Baltimore County, the following order of Court was passed by the said Orphans' Court:

" 'Ordered by the Orphans' Court for Baltimore County this 15th day of April, 1914, upon the foregoing petition and exhibits that Agatha W. McShane is hereby discharged from her position as guardian of the minors and wards named in the foregoing petition, she having failed and refused for reasons set forth in said petition to file a new bond in accordance with the provisions of the order of this Court passed in this cause on the 7th day of October, 1913, upon the petition of the said Fidelity and Deposit Company of Maryland, and as it is represented to this Court that no property exists in the State of Maryland which should be taken possession or control of by a guardian for said minors, and as the Court knows of no such property, the Court refrains from passing any further order at this time on such subject.   And the said Fidelity and Deposit Company of Maryland is hereby discharged from further liability as surety on the said bond given by it.'

"5.   That during the period of her guardianship, the said Agatha W. McShane became indebted unto James A. Dunham, of the City of Baltimore, State of

Maryland, for the education of two of the infant children above mentioned, to wit, George Graham Vest, Jr., and John W. Vest; that said bill now amounts, including interest, to the sum of four hundred and sixty-five dollars and eighty-six ($465.86) cents; and that the said bill has long been outstanding and remains unpaid.

"6. That this bill was frequently presented to Mrs. Agatha W. McShane for payment; that on or about March 3rd, 1914, she filed a lengthy account of her guardianship in the Orphans' Court of Baltimore County showing that she had received income from the trustees under the will of G. G. Vest aforesaid to the sum of five thousand, three hundred and forty-four dollars and ten ($5,344.10) cents; that she had disbursed six thousand, five hundred and ninety-seven dollars and seventy-six ($6,597.76) cents, the over-payment of twelve hundred and fifty-three dollars and sixty-six ($1,253.66) cents having been advanced by the husband of the said Agatha W. McShane; that the said guardianship account contains many items, such as amounts paid to the Chesapeake & Potomac Telephone Company of Baltimore City, and other items consisting of a single name such as 'Ridgely' or 'sundry expenses $85,' which do not tend to show that these disbursements were made for the education and maintenance of the children, to which the guardian was limited by law in the use of such funds; that furthermore no mention at all is made in such guardianship account of the bill which the said guardian well knew was rightfully owing to James A. Dunham, the plaintiff in the above entitled case.

"7. That the defendant, F. & D. Co., has its place of business in Baltimore City, in the State of Maryland, and that Agatha W. McShane is a resident of Centreville, in Queen Anne's County, Maryland.

"And, therefore, the plaintiff claims from the defendant herein named the sum of four hundred and sixty-five dollars and eighty-six ($465.86) cents."

The condition of a guardian's bond, as provided by Section 155, Article 93 of the Code, is that the guardian shall faithfully account with the Orphans' Court, as directed by law, for the management of the property and estate of the infant under his care, and shall also deliver up the property agreeably to the order of the Court or the directions of law, and shall in all respects perform the duty of guardian according to law.

It is quite clear that any failure to perform any of the conditions or requirements of the bond, as ordered by the Orphans' Court, would render the bond liable and the bond could be, at once, put in suit.

By Section 181 of Article 93 of the Code, it is specially provided that on a guardian's failure to account, as herein directed, his bond shall be liable to be put in suit.

By Section 165 of Article 93 of the Code it is provided, once in each year or oftener, if required by the Court, a guardian shall settle an account of his trust with the Orphans' Court, and the Court shall ascertain at its discretion the amount of the sum to be annually expended in the maintenance and education of the infant, regard being had to his future situation, prospects and destination, and the said Court, if it deem it advantageous to the ward, may allow the guardian to exceed the income of the estate and to make use of his principal and sell part of the same under its order, but no part of the real estate on account of such maintenance or education shall be diminished without the approbation of a Court of Equity as well as of the Orphans' Court.

While there can be no doubt, under both the statute law and the decisions of this Court, that a surety upon a guardian's bond would be liable for a breach of any of the conditions of the bond, yet it is difficult to see upon the facts and the state of the record now before us upon what principle or rule of law the surety in this case can be held liable.

The declaration avers and the demurrer admits that the guardian has accounted for and paid over all the funds belonging to the wards' estate, and that she has disbursed $1,253.66 in excess of the income received by her from the trustees under the will.

It further states that a lengthy account of her guardianship was filed in the Orphans' Court of Baltimore County, but no allowance was made on account of the plaintiff's claim.

It also appears that on the 15th day of April, 1914, by an order of the Orphans' Court of Baltimore County, the guardian was discharged from her position for failure to file a new bond, and the appellee company was discharged from further liability as surety on the bond.

The bond given in this case does not appear in the record, but the condition of a guardian's bond provided by the statute does not require a guardian to pay all bills incurred for the ward out of the income received, but the statute requires that a guardian shall settle an account of his trust with the Orphans' Court, and that Court shall ascertain at its discretion the amount of the sum to be annually expended in the maintenance and education of the infant.

The administration of a guardianship trust is to be carried on under the supervision of the Orphans' Court, and the money received by the guardian is to be expended under the direction of the Orphans' Court.

In *Tomlinson* v. *Simpson,* 33 Minn. 446, the Supreme Court of that State in dealing with the obligation of a surety on a guardianship bond, said: "It is a settled rule of law that a surety is not to be held beyond the terms of his contract. The claim against him is *strictissime juris.* Nothing can be clearer, both upon principle and authority, than that the liability of a surety is not to be extended by implication beyond the precise terms of his bond. To the extent and in the manner pointed out in his obligation he is bound, and no further. He has a right to stand on the very terms of his

contract. 21 *Cyc.* 115; *McKinnon* v. *McKinnon,* 81 N. C. 201; *State* v. *Jones,* 89 Mo. 470; *Frost* v. *Redford,* 30 S. W. 179; *Fidelity and Deposit Co.* v. *Rich,* 50 S. E. 338.

In the present case, the guardian appears not only to have settled an account under the directions of the Orphans' Court, but to have paid out an amount largely in excess of the income received by her, and the action of the Orphans' Court in this regard remains unchallenged.

In *Baldwin* v. *State,* 89 Md. 588, this Court said that it does not necessarily follow that sureties on a guardian's bond are liable because the guardian is. Their responsibility must depend upon the extent of the obligation created by the terms of the bond and the statutes which can be read into it, and it was further said, in passing upon the questions in that case, that the guardian is entitled to be credited with all sums he properly pays out of the income or even out of the principal, when duly allowed by the Orphans' Court.

Whether the order of the Orphans' Court of March 3rd, 1914, approving the guardian's account and directing the disbursement of the income received by the guardian from the trustees under the will, was a proper order, is not an open question on this appeal   Manifestly, however, parties acting under it would be protected so long as it stands and remains unreversed.

While for the reasons stated we shall affirm the judgment appealed from, we do not think the appellant should be precluded from applying to the Orphans' Court to have the account opened and restated, so as he may have an opportuntiy to have such relief as the facts and circumstances of his case may require and justify.

The Orphans' Court would have authority to correct any errors in the account of the guardian even after final ratification, and to abrogate and modify their own orders when necessary to promote the ends of justice. *Malkus* v. *Richardson,* 124 Md. 228; *French* v. *Washington Co Home,* 115 Md. 310; *Geesey* v. *Geesey et al.,* 94 Md. 371.

The obligation of the guardian clearly exists to pay for the maintenance and education of the ward out of the property under her control. *Kraft* v. *Wickey,* 4 G. & J. 332; *A. & E. Ency. of Law,* Vol. 15, 79.

A refusal to comply with this duty would constitute a breach of the guardianship bond, and the creditor may resort to a suit upon it. *Baldwin* v. *State,* 89 Md. 587; *Raymond* v. *Sawyer,* 37 Me. 406.

It is well settled that it is the duty of the guardian to pay all demands against the ward, having regard to priorities, in full, or if the estate is insufficient for that purpose then to pay them *pari passu* or *pro rata. Frost* v. *Redford,* 54 Mo. App. 351; *Exeter* v. *Carr,* 27 R. I. 184; *State* v. *Miller,* 3 Gill, 336; *Swan* v. *Dent,* 2 Md. Chan. 111.

For the reasons stated the judgment will be affirmed, but without prejudice, as herein stated.

> *Judgment affirmed, without prejudice, the costs to be paid by the appellant.*