(Decided 13th June, 1877.)

---

# In the Matter of the Estate of JAMES STRATTON.

*Practice in Orphans' Court—Jurisdiction to Correct Mistakes— Allowance of Commissions—Administration Accounts only Prima Facie Correct.*

Bonds returned in the inventory of a deceased person's estate but not appraised, cannot be considered as forming any such part of the inventory as requires the Orphans' Court to allow a commission upon them under the 5th section of Art. 93 of the Code.

The allowance of commission upon such bonds at their par value in an administration account, is a manifest error which can be corrected by the Orphans' Court while the administration is open and pending before it.

And the Court in making such correction does not exercise a constructive power prohibited by statute.

A reasonable time for the correction of such error is before the estate is finally closed.

The fact that such error is in an administration account which has been passed by the Court is immaterial.

Errors and mistakes in such accounts can as properly be corrected as in any order that may be improvidently passed.

---

*In re* Estate of James Stratton.

---

Administration accounts are only *prima facie* correct. ·

The Orphans' Court has unquestionably the power to allow administrators their commissions on the assets passing through their hands at various times as circumstances may require.

It is not necessary to ascertain the whole amount of an estate that will be subject to commission before any is allowed.

APPEAL of I. Thomas Jones, one of the administrators, from order of the Orphans' Court of Howard County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT, ALVEY and ROBINSON, J.

*I. Thomas Jones* and *Samuel Snowden,* for the appellant.

*Henry E. Wootten,* for the Board of County School Commissioners of Howard County.

BRENT, J., delivered the opinion of the Court.

In the inventory which was returned in this case on the 19th of October 1875, among other things returned, "thirteen one thousand dollar Logansport, Crawfordsville and Southwestern Railway Company (State of Indiana) first mortgage eight per cent. gold loan bonds of 1870," are set down as being "returned by us, (the appraisers) at their face value, we having no means of ascertaining their market value." Including these bonds at their face values of $13,000, the inventory amounts to the sum of $26,052.07. The first account of the administrators is passed on the 5th of July, 1876, and in it they are allowed by the Orphans' Court ten per cent. commission on the whole of this amount. On the 26th of November, 1876, a second administration account is passed showing a balance of $23,191.68 in their hands due the estate. On the 19th

December following, the Orphans' Court passed an order modifying the sum upon which the commission is allowed in the first account, and deducting therefrom as the basis of commission the thirteen one thousand dollar bonds above referred to. In the same order they direct another warrant to issue for the appraisement of these bonds, and reserve the right of adjusting upon the passage of a final account, the amount of commissions to be allowed the administrators upon them. From this order the administrators have taken this appeal.

We do not see that the Orphans' Court was in error in passing this order, or that it is in any way inconsistent with the authorities cited by the appellants. It is manifest from the terms in which these bonds are mentioned in the inventory, that it was not the purpose or intention of the appraisers to affix to them any certain value. They have in fact not been appraised, and cannot be considered as they stand returned in the inventory, as forming any such part of it as required the Orphans' Court to allow a commission upon them under the 5th section of Art. 93 of the Code. The Court was therefore justified in directing, by their order of the 19th of December, a warrant to issue for their appraisement.

The allowance of commission upon them at their par value in the first administration account, is manifestly an error, and this could be corrected by the Court whilst the administration was open and pending before them. The argument that it is the exercise of a constructive power, which the Orphans' Court is prohibited by statute from exercising, is disposed of by the decisions of this Court. In the case of *Montgomery & Spencer, Ex'cs vs. Williamson*, 37 *Md.*, 429, it is said "this objection is fully answered by the Court of Appeals in the case of *Raborg vs. Hammond*, 2 *H. & G.*, 42, 51, in considering the power of the Orphans' Court to revoke letters of administration, when improvidently granted, and where to the

exercise of the power the same objection was urged as to the jurisdiction in this case. The Court said, "But to this it may be answered, that we deem the power of revocation, under such circumstances, as necessarily inherent in the Orphans' Court, and a part, and of the essence of the power delegated to them, of granting administration. In confirmation of which, see 3 *Bac. Ab.*, 50, where, speaking of the ecclesiastical tribunals of England, in reference to this power, it is stated that " it would be absurd to allow a Court jurisdiction herein, and at the same time deprive them of the liberty of vacating and setting aside an act of their own, which was obtained from them by deceit or imposition. Whether the order of ratification was obtained by deceit and imposition is quite immaterial ; if by honest mistake, the power of revocation and correction equally exists,—provided the application for its exercise be made within reasonable time and under proper circumstances." In the present case a reasonable time for the correction of the error is before the estate has been finally closed ; especially if, as here, its correction is just to all the parties interested.

The fact that this error is in an administration account, which has been passed by the Court, is immaterial. Errors and mistakes in them can as properly be corrected as in any order that may be improvidently passed. As said in *Scott vs. Fox*, 14 *Md.*, 397, " It is a principle, settled beyond all doubt, that administration accounts are only *prima facie* correct. Their *ex parte* character imperiously requires they should be so. Errors in them have been repeatedly corrected, when made to appear, either in Courts of law or equity."

The Orphans' Court has unquestionably the power to allow the administrators their commission, upon the assets passing through their hands, at different times as circumstances may require. It is not necessary, nor can it always be done, to ascertain the whole amount of an estate

that will be subject to commission, before any is allowed. The Court in this case could therefore properly allow a commission upon a part of the assets, and retain for adjustment in a subsequent account of the administrators, the allowance upon the bonds in question; after their value had been ascertained by a proper appraisement.

Concurring with the Orphans' Court in their authority and power to pass the order from which this appeal is taken, it will be affirmed.

*Order Affirmed.*

(Decided 13th June, 1877.) .