(Decided 18th March, 1890.)

---

WILLIAM M. HARDT, Trustee *vs.* JOHN W. BIRELY.

*Appeal—Executor's  commissions—Jurisdiction  of  the  Or-*
*phans' Court—Reasonable time.*

An appeal will not be dismissed because the record was not trans-
mitted within the time prescribed, it being shown that failure to
do so was caused by the inability of the register to complete it
sooner.

Where an executor has passed his final account in the Orphans'
Court, and objection is taken, by parties interested in the estate,
to the commissions allowed him, the Court has jurisdiction over
the matter.

An application to have the final account of an executor corrected
by the Orphans' Court must be made within a reasonable time,
but what constitutes a reasonable time depends upon the facts of
each case.

Under section 5 of Article 93 of the Code, which provides that an
executor's commissions, which shall be at the discretion of the
Court, shall not be less than two per cent., and shall not exceed
ten per cent. on the first twenty thousand dollars of the estate,
and on the balance shall not exceed two per cent., an executor
who is directed by his testator, while holding his estate in trust,
to keep all moneys belonging thereto safely and profitably in-
vested, is entitled to commissions on the real value of notes,
part of his testator's estate, which come into his hands, as such
value can be ascertained by appraisement.

APPEAL from the Orphans' Court of Frederick County.

The case is stated in the opinion of the Court.

The cause was argued for the appellee before ALVEY, C. J., ROBINSON, IRVING, and FOWLER, J.; and submitted for the appellant.

*John C. Motter*, for the appellant.

*Milton G. Urner*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

When this case was heard, it was supposed the appeal would have to be dismissed, because the record had not been transmitted to this Court within the time prescribed, but since the hearing a certificate has been filed by the Register of Wills, by which it appears the delay was caused by his inability to complete the record sooner, and was not caused by the appellant. The motion to dismiss the appeal must, therefore, be overruled.

The facts of the case may be stated as follows: William F. Johnson, of Frederick County, died in 1886, and by his will, duly executed to pass real and personal property, he appointed the appellee executor, and devised and bequeathed to him in trust for the benefit of testator's wife during her life, and then to his daughter, the residue of his estate after paying debts and funeral expenses. The testator directed his executor, while holding the estate in trust, to keep all moneys safely and profitably invested. The will was duly proved, and after having stated his first and final account in the Orphans' Court, charging himself with certain mortgage and other notes and debts due to the testator, and distributing the same to himself as trustee in accordance with the provisions of the will, the appellee, on the 12th of October, 1886, filed his petition in the Circuit

Court for Frederick County, sitting as a Court of equity, asking said Court to take jurisdiction of the administration of the trusts under said will, which was accordingly done. During the same month the appellee resigned said trust, and thereupon the appellant was appointed to succeed him.

In June, 1889, the appellant, as trustee, filed his petition in the Orphans' Court of Frederick County, asking that Court to strike out the allowance of eight per cent. commissions on certain stocks, bonds, notes and debts, amounting to $15,985 which constituted a part of the estate of said testator.

The appellee, Birely, answered this petition, and admitted that he had received eight per cent. commissions upon the notes as alleged, but denied that said commissions so allowed him were illegal, and without the warrant of law. The appellant has, however, abandoned a part of the claim set up in his petition, and now claims that the amount on which commissions were improperly allowed is $7,575, and that the amount of commissions erroneously allowed is $606. Of this sum, it appears to be conceded that the appellee voluntarily relinquished the sum of $300, and charged himself, as trustee, with the same. The actual amount in dispute therefore is $306.

The Court below dismissed the petition filed by the appellant, Hardt, and from this action he has appealed. The appellee contends here, as he did below, in the first place, that the Orphans' Court had no jurisdiction to entertain this petition, and for this position he relies upon *Binnerman vs. Weaver, et al.*, 8 *Md.*, 517, in which case it was held by this Court that, where an administrator fully settles his accounts in the Orphans' Court, the jurisdiction of that Court ceases, and a Court of equity alone can enforce the trust created by the will. There can be no doubt as to this doctrine; but the case referred

to does not appear to have any application to the question under consideration, which relates solely to the jurisdiction of the Orphans' Court over the subject of executors' commissions, and which has no reference whatever to any of the trusts created by the will. We think it is clear that the Orphans' Court, had jurisdiction to entertain the case made by the petition; for as was said in *Stratton's Case*, 46 *Md.*, 551, "it would be absurd to allow a Court jurisdiction herein, and at the same time deprive it of the liberty of vacating and setting aside an act of their own whether obtained by fraud or imposition or honest mistake."

In the second place, assuming that the Orphans' Court had jurisdiction, was the petition filed, or application made in time to correct the alleged mistake? The theory of the appellee seems to be that when the executor had closed the estate, by stating and passing his final account in the Orphans' Court, it was too late, successfully to object to that account, or to ask that Court to correct it, however unjust, and erroneous it may have been. But, clearly, this cannot be a correct view. The parties interested in the estate must have a reasonable time within which to appear in the Orphans' Court and make their objections, and, if they cannot object after the final account has been passed they cannot object at all, for it is by that account that the commissions objected to in this case were allowed the appellee by the Orphans' Court.

It is equally clear, however, that the application to have the final account of the executor corrected by the Orphans' Court, must be made within a reasonable time. What is a reasonable time must depend upon the facts of each case; and without discussing this question further, we think it sufficient to say that the appellant has not, in our opinion, been guilty of such *laches* as should, under the circumstances disclosed by the record, deprive him of all relief if otherwise entitled to it.

The remaining question is whether the appellee, as executor, is entitled to any-commissions whatever on the amount of the mortgage notes and the note of Baker, amounting in all to $7,575. It appears by the record that the appellee did not collect any of these notes, but distributed them to himself as trustee under the will. The question is a narrow one, and its answer depends upon the construction of section 5 of Article 93 of the Code of 1888, which is a codification of chapter 470 of the Acts of 1884. This section is as follows: (we quote only that part which relates to the present inquiry,) "His (the executor's) commissions which shall be at the discretion of the Court, not under two per cent. nor exceeding ten per cent. on the first twenty thousand dollars of *the estate,* and on the balance of *the estate* not more than two per cent."

Considering this section alone, independent of any decisions of this Court construing the law regulating the allowance of an executor's commissions prior to the Act of 1884, we do not think there can be any doubt as to its meaning. The executor is to have commissions on the amount of the estate which comes into his hands in the course of administration, and with which he is properly chargeable, and for which his bond is responsible. The amount of the notes on which commissions were allowed is a part, and a valuable part of the testator's estate; but it is clear that, if the executor is to have commissions on the notes they must be valued or appraised. For it would be unjust, in many cases, to allow commissions on the face value of notes and private securities. We can see no reason, however, why a value may not be ascertained for private securities in the same, or in some other more desirable manner as is now in use to fix the value of public securities, and the other items of the inventory. The valuation by appraisers appointed by the Court could, when desired

by any one interested, be supplemented by the testimony of witnesses who may be cross-examined as to the grounds of their belief. In this case no injustice could be done by estimating commissions upon the face value of the notes, for their real and face value appear to be the same.

It is contended, however, that the opinion of this Court in *Handy vs. Collins, Ex'x,* 60 *Md.,* 229, controls this case; but we do not think so. That case was decided in 1883 at the April Term, and the views there presented are based upon the language of section 5, Article 93 of the Code of 1860, which provided that commissions of executors shall be allowed on the amount of the *inventory* or *inventories,* excluding what is lost or perished. And it was there held that the note or bond due by a debtor living in Virginia formed no part of the inventory; that it never for a moment came under the protection of the bond of the executrix; that she never incurred any liability whatever on account of it; that, in fact, she could not have sued the debtor in Virginia to recover the amount of the bond, by virtue of letters testamentary granted in this State; and that, for these and other reasons, she was not entitled to commissions on said bond. But not only has the law, as we have seen, on which this opinion was based, been repealed, and re-enacted so as to give commissions on *the estate,* and not as formerly, on the *inventory,* but the facts of the case now under consideration are very different from those of *Handy vs. Collins.* Here we have an executor who is directed by the testator, while holding his estate in trust, to keep all moneys belonging thereto safely and profitably invested, and to pay over the interest and dividends to the parties entitled under the provisions of his will. The executor finds the money already safely and profitably invested by the testator; and we think he did nothing more nor less than his duty, when

he charged himself with the *real value* of said notes, and thus avoided the expense and risk of a sale and re-investment.

Being of opinion that by a proper construction of section 5 of Article 93 of the Code of 1888, the appellee is entitled to commissions on the notes in question, the order of the Orphans' Court will be affirmed.

*Order affirmed.*

(Decided 18th March, 1890.)