MARY HOFFMAN et al., Executors of JOSEPH
T. HOFFMAN *vs.* CHARLES W. HOFFMAN
et al.

*Executors and Administrators—Correction of Errors in
Accounts—Indebtedness of Distributee to the Estate
—Distribution.*

When an executor alleges by petition that an account stated by
him is erroneous in that it fails to charge a distributee with
a debt due by him to the estate and fails to charge the
executor with the appraised value of certain property, it is the
duty of the Orphans' Court to reopen the account and order
a restatement thereof.

When a distributee is indebted to the estate, it is the duty of
the executor to retain from his share the amount of such
indebtedness.

An executor has the right to have a distribution of the personal
property made under the direction of the Orphans' Court
upon the citation of the distributees, in accordance with Code,
Art. 93, secs. 138, 139 or 143.

Appeal from an order of the Orphans' Court of Wash-
ington County.

The cause was submitted to the Court upon brief
by *Wm. H. A. Hamilton* and *J. Clarence Lane* for the
appellants.

Page, J., delivered the opinion of the Court.

The appellants, executors of Joseph T. Hoffman de-
ceased, filed a petition in the Orphans' Court of Wash-
ington County, alleging that on the seventeenth day of
November, 1896, the petitioners and their then co-ex-
ecutor, Edward Hoffman, had stated their third account
as executors of the last will of the deceased, and that
the same was made under a " misapprehension of the
true and correct items of account," and was erroneous in

that they should have claimed credit for the item of $2,518.36, as a debt due to the estate by Edward Hoffman, instead of as "being the appraised value of the property of Joseph T. Hoffman and Son not disposed of," the said Edward Hoffman having, prior to the stating of said account as surviving partner, disposed of all said property and converted it to his own use without accounting therefor with the estate of the decedent. They also aver, that they should have charged themselves with the sum of $526.56, the appraisement of furniture, &c. Further errors are alleged in distributing certain stocks to legatees in a manner the will of the decedent did not authorize, and in making any distribution to Edward Hoffman, as at that time he was indebted to the estate in an amount exceeding any to which he was entitled. They pray that the said account may be set aside and they may be ordered to restate it in a proper manner.

This petition was dismissed on the 8th day of October, 1897. Subsequently the petitioners filed a second petition containing all the averments of the first and in addition thereto, a notification of their desire to avail themselves of the statute in reference to distribution (Sec. 138 of Art. 93 of the Code). The prayer of this petition is that the distributees (naming them) may be cited to appear and answer, that the said third account may be set aside and that the petitioners shall restate it, as in right it ought to have been stated.

This petition was dismissed on the 15th of October, 1897. The Court, however, on the 8th day of October, ordered the executors to "settle a further account" in which they shall charge themselves with the sum of $526.50 and any other assets of the estate in their hands.

From the several orders dismissing the petitions and the order of the eighth day of October last mentioned, the appellants have appealed.

We think there was error in dismissing the petitions. They contained allegations of material errors in the third account, that if true rendered its correction a matter of ordinary justice. Accounts of executors or adminis-

trators are deemed to be only *prima facie* correct, and
when it is shown they contain errors, the Orphans' Court
has power and is the primary tribunal to order that they
shall be revised and corrected. *Bantz* v. *Bantz Exs. &c.,*
55 Md. 689.

Among the errors of the third account charged in the
petition are omissions of the executors to charge them-
selves, and also failure to make the proper credits. In
*Wilson* v. *McCarty,* 55 Md. 282, it was said that errors
of an executor or administrator in omitting to charge
himself with all the assets in his hands may be inquired
into and corrected in his lifetime; and in *Scott* v. *Fox,*
14 Md. 388, errors in an account were corrected, through
an administration *de bonis non,* after the administratrix
had been dead seven years. If the said third account
was in fact erroneous because of improper charges and
credits, or because of an omission to make the proper
charges and credits, it was perfectly competent for the
Orphans' Court, to reopen it, and to direct a restatement
in order to correct the errors disclosed. *Gavin* v. *Carl-
ing,* 55 Md. 536; *In re estate of Stratton,* 46 Md. 551.

The petitions allege that Edward Hoffman was at the
time of the making the account and still is indebted to
the estate. If this allegation be supported by sufficient
proof, it would undoubtedly be the right and duty of
the executors to retain from the share to which he
would be entitled as distributee, the amount due by him
to the estate. *Gosnell, Trustee* v. *Flack & Hoffman,
Adm'rs,* 76 Md. 426.

The will of the decedent is not set out in the record,
but it is assumed that under its provisions there must
be a distribution of specific articles. · In such a case the
Court should allow the executors to avail themselves of
the provisions of the Code in reference to distribution.
It is well settled that unless proceedings are taken either
under Secs. 138 or 139 or 143 of Art. 93 of the Code, so as
to make the distribution the act of the Court, no *ex parte*
distribution will afford protection to the administration.
*Shriver & Dwyer* v. *State use &c.,* 65 Md. 282; *Wilson* v.
*McCarty, Surv. Ex.,* 55 Md. 283.

With reference to the order of the 8th of October we may say it was error, not in what it orders, but in its omissions. Of course if another account be stated it will be the duty of the executors to charge themselves with all the assets that may be in their hands. But on the allegation of their petition, the executors were entitled to a larger measure of relief than the mere right (which already existed as a duty) of charging themselves, they were also entitled to have the account that had been passed opened so that it could be corrected.

The orders dismissing the appellants' petitions must be reversed, and the order of the 8th of October will also be reversed, so that the Court's final action upon the petition may decide all the matters involved.

*Orders reversed and cause remanded,*
*with costs to the appellants.*

(Decided June 28th, 1898.)