AUGUSTUS M. GEESEY, Administrator, *vs.* AMELIA M. GEESEY et al.

*Executors and Administrators—Rescinding Account Allowing Counsel Fees to Administrator.*

An administrator passed an account in the Orphans' Court in which certain sums were allowed for judgments and costs in suits against the administrator. The vouchers filed with the Register of Wills showed that part of the costs consisted of fees paid by the administrator to his counsel. A petition was subsequently filed alleging that these fees had been improperly allowed and that the Court had been deceived. At the hearing of this petition the Court refused to allow the administrator to offer evidence as to the value of the services to the estate rendered by his counsel and passed an order rescinding the ratification of the account and directing the administrator to restate the same and omit all allowance for counsel fees. *Held,* that it was error to annul the previously stated account without permitting the administrator to prove the value of the counsel's services and the propriety of the allowance of fees therefor.

Appeal from the Orphans' Court of Frederick County.

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Boyd, Pearce and Schmucker, JJ.

*Frank L. Stoner* (with whom was *J. F. R. Heagey* on the brief), for the appellant.

*Jacob Rohrback* and *Charles C. Waters* (with whom was *Emory L. Coblentz* on the brief), for the appellees.

Boyd, J., delivered the opinion of the Court.

The appellees filed a petition in the Orphans' Court of Frederick County alleging that certain claims were allowed the appellant in his second administration account through fraud and deception practised upon the Court, and praying that the order ratifying the account be rescinded and that the administrator be required to restate that account so as to omit the items objected to. The petition is not as specific as it

might have been, but the items objected to were fees paid J. F. R. Heagey, the attorney for the administrator, for services rendered in four cases to which the administrator was a party, which were compromised and settled at the May term, 1901, of the Circuit Court for Frederick County. The fees thus paid were seventy-five dollars in each of two cases, twenty-five dollars in one and twenty dollars in another—making $195.00 in all. Reference to one of them will indicate what the objection of the appellees is to them. Florence M. Geesey had presented an account against the estate for $414.41, which was passed by the Orphans' Court but disputed by the administrator. Suit was brought on it and it was compromised by a judgment of $200.00. When the appellant settled his second account he presented a voucher for it which, after stating the titling of the case, had the following items:

" 1901, May 15th, judgment for the plaintiff for....$200  00
and judgment entered paid satisfied.

Defendant's cost. .........................          6  00

May 15th, 1901, Received of Augustus M. Geesey, .

   Admr., as counsel fee in this case J. F. Heagey,   $75  00"

In the administrator's second account the allowance is thus stated: " 1. For the sum paid Florence M. Geesey, judgment and cost in No. 67 Trials, May Term, 1901, per Rec. App. $281.00."

That amount includes the fee of seventy-five dollars, and it is that and the fees in the other cases, which are stated, in effect in the same terms, that are objected to. This account was settled on the third day of July, 1901, the first having been stated on the 4th of December, 1900, in which there was an allowance of $100.00 to Mr. Heagey as " counsel fee."

At the hearing of the petition in the Orphans' Court the appellees called several witnesses and amongst other subjects inquired into was what was included by the term " costs," the effort being to show that that term did not include counsel fees. The appellant then called a member of the bar and sought to prove by him the value of such services as Mr. Heagey had rendered in these cases. The Court refused to

permit him to answer the questions propounded and afterwards filed an opinion and passed an order annulling the order ratifying the second account, ordering the administrator to restate it, " omitting and excepting therefrom all allowances of counsel fees to the said J. F. R. Heagey, which are included in the several ' judgments and costs,' " and directing that the cost of the proceeding be paid by the administrator out of his own funds.

In the opinion of the Court it is stated that the allowance of $100.00 counsel fees in the first account was for services rendered, and to be rendered, for the estate and the conduct of Mr. Heagey in reference to these fees, amounting to $195.00, is criticised in severe terms, although we do not find any evidence in the record to show what the fee of $100.00 was allowed for. If an attorney does questionable acts he should suffer for them, but he is at least entitled to a hearing before being condemned. There is nothing in the testimony of the deputy register of wills, who stated the account, to show that Mr. Heagey had imposed on him. The vouchers were filed with him and those involved in this controversy very clearly show on their face that these fees had been paid to Mr. Heagey. They were left with the deputy register and Mr. Heagey might well have assumed that they would be examined by the Court before the account was ratified, and the record does not show that he did attempt to impose on the Court, unless it be from the mere fact that his fees were added to the several amounts paid by the administrator in those four cases.

But if we assume that there were facts known to the Court which do not appear in the record, it is very manifest that the Court committed an error in refusing to let the appellant offer evidence as to the value of the services. There is nothing to show that the administrator was not acting in good faith when he paid the fees and there is not the slightest evidence to enable the Court to determine the value of the services rendered by the attorney. If the Court was correct in its understanding that the fee of $100.00 was to cover all services rendered, and to be rendered, if in point of fact such services

were afterwards rendered as to justify an additional allowance, it would only be just to consider the question, especially if the administrator was satisfied.   The Orphans' Court undoubtedly has the power to have accounts of administrators re-stated when the circumstances justify it, but it has no right to refuse the administrator a hearing and pass such an order on the testimony offered by the petitioners alone.   The evidence offered by the appellant was proper, and that and any other relevant testimony on the subject should be heard before the Court disturbs a previous order ratifying an account, especially when the administrator has paid out money allowed in it.   In *Hoffman* v. *Armstrong*, 90 Md. 129, we said: "Although it has been decided in many cases, including that of *Hoffman* v. *Hoffman*, *supra*, (88 Md. 60) that the Orphans' Court has the power to re-open accounts of executors and administrators and correct errors therein, that power should be very cautiously exercised if there be danger of thereby prejudicing the rights of parties who have innocently acted under the account as originally stated."   Of course if the Court has inadvertently made an allowance that is not proper, it can re-open the account, unless there be some peculiar circumstances which would make it inequitable to do so, and *a fortiori* if it make such an allowance through the fraud and deception of the administrator or his attorney, it would be not only its right, but its duty, to correct it.   But fraud is not to be presumed and the administrator should not be subjected to loss without an opportunity to be heard.

In the recent case of *Miller* v. *Gehr*, 91 Md. 709, this Court said: "Although the statute does authorize the Orphans' Court to allow the costs and extraordinary expenses 'which the Court may think proper to allow,' its action can be reviewed by this Court as to the reasonableness of the allowance."   The Court then had before it the allowance of attorney fees.   In this case the Court should not only have permitted the administrator to offer proof as to the reasonableness of the fees, which his offer tended to reflect upon, but if it was of the opinion that there was any improper action on

the part of the administrator, or his attorney, the opportunity should have been given to them to explain the circumstances. Its action deprived the administrator of doing either, as it declined to let the witness answer, and for this error the order passed on the 19th of August, 1901, must be reversed.

> *Order reversed and cause remanded,*
> *the costs in this Court to be paid by*
> *the appellees and the costs below to*
> *abide the result of these proceedings.*