## THOMAS E. GALLAGHER, EXECUTOR, &c., *vs.*
## BRIDGET MARTIN.

*Ademption of Legacy—Jurisdiction of Orphans' Court to Determine Whether a Legacy had Been Adeemed by Payment in Lifetime of Testator—Erroneous Dismissal of Petition of Executor to Set Aside Account.*

When a testator in his lifetime pays to a party the amount of the legacy given to him by his will, and such payment is intended to be in satisfaction of the gift, the legacy is thereby adeemed.

Under the power conferred upon Orphans' Court by Code, Art. 93, sec. 234, to direct the settling of accounts of executors, and to administer justice in all matters relating to the affairs of deceased persons, that Court is authorized to determine whether a legacy had been adeemed in the lifetime of the testator by the payment of the amount thereof to the legatee.

After the passage of an executor's account in the Orphans' Court, by which a legacy of two hundred dollars was audited to a party in accordance with the will, the executor filed a petition asking that the account be set aside because the amount of the said legacy had been paid to the legatee in the lifetime of the testator in full satisfaction thereof. The legatee answered denying the payment. *Held*, that the Orphans' Court should have set the case down for a hearing on evidence and that it was error to pass an order, without taking any testimony dismissing the petition of the executor.

Appeal from the Orphans' Court of Allegany County.

The cause was argued before MCSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Taylor Morrison* (with whom was *James A. McHenry* on the brief ), for the appellant.

*William H. Cole* and *J. W. S. Cochrane*, for the appellee, submitted the cause on their brief.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Allegany County passed in a proceeding founded on a petition filed by the appellant, Thomas E. Gallagher, as executor of the last will of Mary Navin, deceased.

The substantial facts alleged in the petition are as follows: Mary Navin after having made her will, by which she gave a legacy of two hundred dollars to the appellee, Bridget Martin, had during her lifetime on May 1st, 1903, through the hands of the petitioner as her agent paid to the said Bridget Martin two hundred dollars in cash in full satisfaction, extinguishment and discharge of the legacy and such payment was at that time understood by all parties to the transaction to have been made for that purpose. Shortly thereafter Mary Navin died

and her will was duly admitted to probate and letters testamentary on her estate issued to the appellant.

In July, 1904, the appellant went to the Register of Wills of Allegany County to have a testamentary account stated. He mentioned to the Register the fact of the payment of the two hundred dollars to Bridget Martin during the lifetime of the testatrix and the circumstances under which it was made. The Register thereupon proceeded to state the account in such form as to show a distribution to be made by the appellant as executor to Bridget Martin of the $200 legacy which had been paid to her in the lifetime of the testatrix in the manner already mentioned. The appellant, who is a clergyman and unfamiliar with the steps required by the law to be taken in such cases, supposed the account which had been thus stated for him by the Register to be correct and passed it *ex parte* in the Orphans' Court. After he had passed the account Bridget Martin sued him in the Circuit Court for Allegany County to recover the legacy of $200 as appearing to be due her from him as executor upon the face of the account.

The prayer of the petition was that the account be set aside and a distribution of the personal estate of the testatrix in his hands be made under the supervision of the Orphans' Court on a day to be by it named after due notice to all parties interested in conformity with the provisions of sec. 143 (now sec. 142) of Art. 93 of the Code of Public General Laws. On the filing of this petition the Orphans' Court passed an order as prayed for setting aside the account theretofore passed and appointing a day for the distribution of the estate under the Court's direction.

Bridget Martin then filed an answer to the appellant's petition admitting the making of the legacy to her by the will of Mary Navin but denying, somewhat evasively, the alleged payment to her of $200, in satisfaction thereof in the lifetime of the testatrix. The answer also admitted the institution of the suit in the Circuit Court against the appellant as executor for the recovery of the legacy.

The Orphans' Court thereupon, without hearing any testi-

mony upon the issue made by the petition and answer and
without the case having been submitted to it, so far as the
record shows, by the parties upon the pleadings, passed
another order revoking its former order by which the account
had been set aside and dismissing the executor's petition.
From this last order the present appeal was taken.

It is clear that the order appealed from was improperly
passed.   If the allegations of the petition filed by the appel-
lant as executor were true they presented a plain case of the
ademption of the legacy made to Bridget Martin and it was
error on the part of the Orphans' Court to permit the passing
of the account by which the legacy was treated as distribut-
able to her by the executor. Had those allegations been sub-
stantiated by competent testimony to the satisfaction of the
Orphans' Court it would have been its duty to set aside the
account and direct the distribution of the estate as it did by
the previous order passed on the executor's petition.   The
Court therefore, before passing any such order as the one ap-
pealed from, should have set the case for hearing and af-
forded the appellant an opportunity to offer evidence in sup-
port of the allegations of his petition.

It was within the power of the Orphans' Court to entertain
and determine the question of the ademption of this legacy
in the manner set forth in the petition.   In *Pole* v. *Simmons,*
45 Md. 249, we held that the Orphans' Court had power to
determine on a petition filed for that purpose whether certain
sums of money paid by a testatrix during her lifetime to lega-
tees, who were directed by her will to be charged with interest
on any advancements made by her to them, were intended to
be advancements or absolute gifts ; and that the Court having
jurisdiction of the question had the right to hear and receive
evidence in relation to it. In that case we said, speaking of the
power conferred on the Orphans' Court by sec. 230 (now sec.
234) of Art. 93 of the Code, "we think it clear the Orphans'
Court had jurisdiction of the matter presented by the petition
for it would be impossible to superintend distribution of the
estate without the authority to determine what was to be dis-

tributed and this necessarily involves the questions as to what are assets, and when there is a will who are the legatees and what is given to them by the will." Similar views as to the extent of the powers of that Court in reference to the accounts of executors and the distribution of estates of deceased persons have been expressed by us in *Alexander* v. *Leakin*, 72 Md. 202; *McGill* v. *Hyatt*, 80 Md. 256; *Hoffman* v. *Hoffman*, 88 Md. 60.

The order appealed from must therefore be reversed and the case remanded for further proceedings in accordance with this opinion.

> *Order reversed with costs and case remanded for further proceedings in accordance with this opinion.*

(Decided November 16th, 1905.)