# ELIZABETH MALKUS.

## *vs.*

## JOHN HOLT RICHARDSON, Administrator of the Estate of Philip Malkus, Deceased.

*Testamentary law*: *distribution; widow's rights; devises in lieu of thirds; Code, Article* 93, *secs.* 302, 305, 309. *Orphans' Courts*: *accounts; correction of errors; revocation of orders; hearing on bill and answer; issues of fact.*

Where a testator directs a legatee to pay a mere nominal sum to the widow, it does not pass to her such an interest as to bar her rights to furniture or $75 under sec. 309, nor to her thirds, under secs. 302 and 305 of Art. 93.                    p. 228

As the provision was committed to a legatee and was not a direct bequest, or an appropriation of any of the assets, it formed no part of the administration accounts.    pp. 227-228

The Orphans' Courts have authority to correct errors in administration accounts, even after final ratification, and abrogate their own orders, when it is necessary so to do in order to promote the ends of justice.                    p. 229

But such applications must be made within a reasonable time; and what is a reasonable time depends upon the facts of each particular case.                    p. 229

Under the circumstances of the case, where nothing appeared to make inequitable the opening of the estate, the lapse of two years and a half from the time of ratifying an account in an.

Orphans' Court, was *held,* not to be unreasonable delay in filing a petition to open the account.                pp. 229-230

Where a petition, filed in an Orphans' Court by one purporting to be the widow of the decedent, is heard on bill and answer, its formal averment as to the character in which the petitioner filed the petition, cannot be taken as denied by a simple statement in the answer, that the reason why a certain payment had not been made, had been because the respondent was without knowledge as to whether the decedent's widow was still living.

p. 230

In such cases, to put the fact in issue, the answer should have declined to admit or deny the allegation as to the relationship, and have called for proof.                p. 230

*Decided November 11th, 1914.*

Appeal from the Orphans' Court of Baltimore County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Armstrong Thomas* and *J. Purdon Wright,* for the appellant.

*George Washington Williams* (with whom was *John H. Richardson* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

A petition filed by the appellant in the Orphans' Court of Baltimore County, in March, 1914, alleged in effect that she was the widow of Philip Malkus, who died on July 18th, 1910, leaving a will by which he made certain specific bequests of chattels real and personal property, constituting

his whole personal estate, to his son, Philip Malkus, Jr., and
his daughter, Katherine Hettchen, and that the executors of
the will stated an administration account by which the interests of the petitioner as widow were ignored and the entire
estate was distributed to other persons in violation of her
rights. It was accordingly prayed that the account be reopened and that an order passed by the Court in aid of the
distribution be rescinded. In pursuance of a citation duly
issued answers to the petition were filed by Elizabeth Kamka,
as executrix named in the will, and by John Holt Richardson, administrator of the estate of Philip Malkus, Jr., who
had been appointed by the will as executor and who had died
after participating in the accounting and distribution now
sought to be re-opened. The answer of the executrix averred
that the estate of Philip Malkus had been fully administered
and the account finally ratified; that by the will of the testator the sum of five dollars was bequeathed to one Elizabeth
Malkus, his wife, which sum the respondent has in hand but
has been unable to pay "as she did not know nor does she
know whether the said Elizabeth Malkus be now living or
dead;" that the respondent has no knowledge of any rights
of the petitioner other than the bequest referred to, and that
one of the executors being now deceased, and the account having been finally ratified by the Orphans' Court, without any
objection being filed, and more than two years having elapsed
since its ratification, the Court was without jurisdiction or
authority to re-open the administration. In the answer of
Mr. Richardson, as administrator of the estate of the deceased
executor, it was simply alleged that the estate of Philip
Malkus had been distributed in accordance with the terms
of his will, and the account of the administration had been
filed and finally ratified more than two years ago, and that
the Court was without authority or jurisdiction to rescind
the order of ratification. By agreement of counsel the matter
was heard by the Orphans' Court upon the petition and
answers, without testimony, and by an order passed at the
conclusion of the hearing the petition was dismissed.

The record before us includes transcripts of the will of Philip Malkus and of the administration account in controversy. After bequeathing separately to Katherine and Philip certain leasehold properties, and to the latter all the equipment and stock of material used by the testator in the business he was conducting on the premises described, and after directing the daughter Katherine, out of the bequest in her favor, to pay specified sums to other children of the testator, the will proceeds as follows:

> "I hereby direct my son Philip Malkus, out of the devise and bequest unto him, to pay unto my daughter Elizabeth Kamka the sum of One Hundred Dollars; and unto my sons Daniel Malkus and Charles Malkus, and my daughters Annie Long and Mary Baneries, each the sum of Fifty Dollars; and I further charge my said son Philip Malkus to pay unto my wife Elizabeth Malkus the sum of Five Dollars, and unto my son Henry Malkus the sum of Twenty Dollars."

The administration account charged the executors with the inventoried estate to the amount of $1,315.00. It then gave credit for the usual costs and expenses of administration, the commissions, however, being waived, and for the distribution and payments mentioned in the will, except the amounts directed to be paid to the testator's son Henry and to the widow. The exclusion of these items from the account was probably due to the fact that the will did not provide, as it did in the other instances, for the payment of the two excepted sums out of the estate bequeathed, but simply charged one of the legatees to pay the amounts indicated. By the terms of the will it was not made the duty of the executors to pay the designated sum of five dollars to the surviving wife of the testator or to secure its payment out of any part of the estate. As this nominal provision for the widow was expressly committed to a legatee and was not made in the form of a direct bequest or of an appropriation out of any of the assets for distribution, there would

seem to have been no occasion to include it in the administration account.

But the purpose of the petition is to assert claims of a more substantial nature. It is contended that the petitioner is entitled to the special allowance of seventy-five dollars, or the equivalent in household and kitchen furniture, which the Code provides for widows by section 309 of Article 93, and also to one-third of the personal property of her deceased husband under sections 302 and 305 of the same Article, the former of which entitles a widow to the proportion just stated of the personalty, by virtue of her renunciation of the will, and the latter of which declares that "if in effect nothing shall pass by such devise, she shall not be thereby barred" (of her marital interests in the estate) "whether she shall or shall not renounce as aforesaid, it being the intent of this article, and consonant to justice, that a widow accepting or abiding by a devise, in lieu of her legal right, shall be considered as a purchaser with a fair consideration."

Unless the rights of the petitioner must be denied recognition because of the special defenses to be presently considered, there can be no serious doubt as to the validity of the claims she is seeking to enforce. The provision for the allowance of seventy-five dollars in money or furniture, to the widow is clear and positive and leaves no room for discussion. Upon the more important question as to whether the direction to a legatee to pay a mere nominal sum to the widow of the testator is such a devise or bequest to her, and passes such an interest, as is sufficient under the law to bar her right to one-third of the personal estate, in the absence of her written renunciation of the will, we think the plain intent of the statute and obvious considerations of practical justice require that this inquiry be answered in the negative.

The argument was chiefly concerned with the propositions advanced by the respondents, first, that the Orphans' Court had no power to reopen the administration account and re-

scind the orders of ratification and distribution so long after the estate had been finally settled, and secondly, that no proof having been offered to identify the petitioner as the widow of the testator, notwithstanding the statement in one of the answers on that subject, the relief sought could not properly have been granted.

It has been repeatedly held that the Orphans' Courts of the State have ample authority to correct errors in the accounts of executors and administrators after final ratification, and to abrogate and modify their own orders, when necessary to promote the ends of justice. *French* v. *Washington County Home,* 115 Md. 311; *Gallagher* v. *Martin,* 102 Md. 115; *Hardt* v. *Birely,* 72 Md. 134; *Hoffman* v. *Hoffman,* 88 Md. 60; *Geesey* v. *Geesey,* 94 Md. 371; *Bantz* v. *Bantz,* 52 Md. 689; *Gavin* v. *Carling,* 55 Md. 536; *In Re Estate of Stratton,* 46 Md. 551; *Scott* v. *Fox,* 14 Md. 388. The application for such action must, of course, be made within a reasonable time after the passage of the order or the settlement of the account which is the subject of complaint, but the question whether the relief is seasonably applied for depends upon the facts of the particular case under review. In *Hardt* v. *Birely, supra,* it was held that a petition filed in June, 1889, was not presented too late to obtain the correction of an executor's account which had been finally ratified in October, 1886. The two years and eight months thus intervening between the order of ratification and the request for its rescission exactly equal the period of the delay in the present case. In the instance just cited the commissions allowed the executor were sought to be reduced on the theory that they were improperly charged as to a certain portion of the estate, while here the error is alleged to consist in the distribution of the assets in total disregard of the rights of the petitioning widow. There does not appear to have been any change of circumstances since the account was filed, in the case before us, which would make it inequitable to re-open the estate for the purpose of

having the distribution conform to the actual legal rights of the persons entitled. The case as presented does not show any conditions which would justify the refusal of the widow's application on the ground that she has been guilty of unreasonable delay in filing her petition.

The only other question to be considered is whether the petition was properly dismissed because of the absence of proof as to the petitioner's identity, in view of the statement in the answer of the executrix that she had been unable to make the payment of five dollars to the widow of the testator for the reason that she had and still has no knowledge as to whether the person corresponding to that description is living or dead. This is certainly not such a denial of the existence of the widow, or the identity of the petitioner, as to defeat her application under the operation of the rule that where a case is heard on petition and answer, without any evidence being offered, the allegations of the answer are to be taken as true. *Long* v. *Long*, 115 Md. 133; *Gallagher* v. *Martin*, 102 Md. 118; *Mickle* v. *Cross*, 10 Md. 360. The formal averment in the petition that it was filed by the widow of the testator could not be said to have been contradicted by the simple statement, as an explanation of the failure to pay the five dollars referred to, that the respondent was and is without knowledge as to whether the widow is still living. If it had been intended to put that fact in issue, the answer should have declined to either admit or deny the allegation as to the petitioner's relationship to the testator and should have called for proof on that subject. When the case is remanded it will be permissible and proper for the respondents, if they are yet in doubt whether the petitioner is the widow of the decedent, to have the question investigated and determined upon evidence in the usual course of procedure. But we must hold that the answer as filed did not afford a sufficient ground for the dismissal of the petition.

*Order reversed, with costs and cause remanded.*