SAINT IGNATIUS ROMAN CATHOLIC CONGRE-
GATION, INC. ET AL. *v.* HARVEY, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
ANN IRENE JONES

[No. 278, September Term, 1972.]

*Decided April 25, 1973.*

The cause was argued before MURPHY, C. J., and MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Frank H. Weller, Jr.*, with whom were *John C. Evelius, Ober, Grimes & Shriver* and *Hamilton P. Fox, Jr.*, on the brief, for appellants.

*Thomas L. Lilly*, with whom were *William W. Travers, William G. Duvall* and *Webb, Burnett & Simpson* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

Unhappily, once again, we are called upon to review the propriety of a counsel fee allowed to an attorney, who in this instance was also the personal representative of a decedent's estate. A somewhat similar question was recently considered in *Wolfe v. Turner*, 267 Md. 646, 299 A. 2d 106 (1973) ; *Riddleberger v. Goeller*, 267 Md. 64, 296 A. 2d 393 (1972) ; *Riddleberger v. Goeller*, 263 Md. 44, 282 A. 2d 101 (1971), and *Lusby v. Nethken*, 262 Md. 584, 278 A. 2d 552 (1971), and cases there cited.

636

The long and short of the problem is that Maryland Code (1957, 1969 Repl. Vol.) Art. 93, § 7-602 (c) directs that in setting a counsel fee the orphans' court "... shall take into consideration, in making such determination, what would be a fair and reasonable total charge for the cost of administering the estate under this article, and it shall not allow aggregate compensation in excess of that figure." While the allowance of commissions to a personal representative within the limits fixed by statute is ordinarily not subject to review, *American Jewish Joint Distrib. Comm. v. Eisenberg,* 194 Md. 193, 70 A. 2d 40 (1949), an appeal from the allowance of a counsel fee will lie in the event of an abuse of discretion, *Gradman v. Brown,* 183 Md. 634, 39 A. 2d 808 (1944).

As we said in *Wolfe v. Turner, supra,* 267 Md. at 653:

> "In brief, the power of an orphans' court to allow counsel fees is derived from statute. The allowance requires the exercise of discretion and judgment. An award will not be disturbed in the absence of proof of abuse of discretion . . . which generally means that the fee allowed is shown to be so unreasonably small or so unreasonably high as to amount to an abuse."

In the case before us, Ann Irene Jones died in Wicomico County on 24 February 1970, leaving a gross estate of some $141,000.00, the residue of which was bequeathed, in equal shares, to six religious corporations, a charity, an educational association and one individual. The assets of the estate consisted of general market securities, cash in the approximate amount of $13,500.00, and real estate valued at $12,500.00.

J. Edgar Harvey and Thomas F. Wallace qualified as her personal representatives, but Mr. Wallace died on 14 January 1971, less than one year after his qualification, and before the administration of the estate had been completed. On 30 November 1971, Mr. Harvey, as surviving personal representative, filed his administration account. In February, 1972, he sought and received

from the orphans' court an allowance of commissions at the maximum rate permitted by Code (1957, 1969 Repl. Vol.) Art. 93, § 7-601: 10% on the first $20,000.00 and 4% on the remaining assets of the estate, or $6,875.39, subject, however, to the 10% tax thereon, of which 10% was to be paid to the estate of Mr. Wallace, and the remaining 90%, amounting to $5,569.08, was to be retained by Mr. Harvey.

Additionally, Mr. Harvey successfully petitioned the orphans' court for an allowance of a counsel fee of $5,100.00: $100.00 of which was to be paid to Mr. Harvey for legal services rendered the decedent during her lifetime; $950.00 to the firm of Piper & Marbury for the preparation of two fiduciary income tax returns; and the balance of $4,050.00 to be paid to Mr. Harvey for legal services rendered in connection with the administration of the estate. In sum, Mr. Harvey sought allowances totaling $11,975.39 for the settlement of a $141,000.00 estate.

One of the appellants objected to these allowances. Having met with no success in the orphans' court, an appeal was taken to the Circuit Court for Wicomico County from the order allowing the counsel fee. From an order of the circuit court affirming the allowance of the fee, this appeal was entered.

As was the case in *Wolfe v. Turner, supra,* this was a "simple" estate. In other words, no claims were filed against it, nor was any prosecuted by the personal representative, nor does there appear to have been problems relating to valuation or the sale of real estate. Unlike the situation in *Wolfe v. Turner,* however, here, counsel was also the personal representative, and so far as we have been able to ascertain kept no records of the time which he spent in what he regarded as his legal, as distinguished from his ministerial, duties.

The Comment to Code, Art. 93, § 7-602 is apposite here:

"This Section is not intended to limit an attorney from acting both as a personal represen-

tative or copersonal representative as well as an attorney. It is expected that if an attorney is named as a personal representative or copersonal representative, he may well perform some if not all of the legal services which need to be rendered for the benefit of the estate during the course of administration. How, or whether, he renders services to the estate in two capacities is immaterial since his request for and acceptance of compensation for services in either or both capacities must be determined in accordance with the provisions of Canon 12 of the Code of Professional Ethics of the American Bar Association (adopted *in toto* by the Maryland State Bar Association)." [1]

In its opinion, the Circuit Court for Wicomico County enumerated what Mr. Harvey regarded as the legal services which he had performed, in addition to his routine duties as personal representative:

"(1) Preparation of Petition for Probate.
(2) Preparation of list of interested persons.
(3) Preparation of Petition and Order to pay funeral expenses.
(4) Preparation of Certificate of Publication and Notice to Creditors.
(5) Preparation and filing of Inventory and giving proper notices.
(6) Preparation and filing of Federal Estate Tax Return consisting of forty-one pages.
(7) Preparation of Decedent's final income tax returns.
(8) Preparation of two petitions for extension of time.

---

1. These provisions are set out in American Jewish Joint Distrib. Comm. v. Eisenberg, 194 Md. 193, 200, 70 A. 2d 40 (1949). The present counterpart may be found in Disciplinary Rule 2-106 of the Code of Professional Responsibility of the American Bar Association (1969), which appears as Appendix K, Code, Volume 9B.

(9) Preparation and filing of Petition to make distribution under the direction of the Orphans' Court.

(10) Attendance at hearing in Orphans' Court.

(11) Preparation and filing of First Administration and Distribution Accounts, Notices, Receipts and Releases.

(12) Preparation and transfer of deed to real estate.

(13) Extended correspondence with stock brokers, legatees and attorneys."

We do not see it quite that way, for if all of these activities constituted legal services, it is difficult to identify the duties performed by Mr. Harvey as personal representative for which he sought and received compensation. It seems to us that except for the preparation of the federal estate tax return (which, under the circumstances, probably developed no tax liability) ; the preparation of the decedent's final income tax return; the filing of the petition to make distribution under the direction of the orphans' court; attendance at a three-hour hearing, and the preparation of the deed tranferring title to the real estate (which was not sold), all of those functions were purely ministerial. As to those which were not, in the circumstances of this case, we think Mr. Harvey was adequately compensated when he received commissions at the maximum rate allowed by statute, Code, Art. 93, § 7-601. Consequently, we propose to reverse, at least in part, the order of the Circuit Court for Wicomico County.

As regards Mr. Harvey's fee of $100.00 for services rendered the decedent during her lifetime, this could have been asserted as a creditor's claim, and would have been allowed. As regards the fee of Messrs. Piper & Marbury in the amount of $950.00 for the preparation of two fiduciary income tax returns, this can be made the subject of a petition to be presented by that firm in

640

due course to the Orphans' Court for Wicomico County to be the subject of independent consideration there.

> *Order reversed; case remanded to the Circuit Court for Wicomico County, for remand to the Orphans' Court for Wicomico County for entry of an order conformable with the views herein expressed.*
>
> *Costs to be paid by the appellee, J. Edgar Harvey, from funds in his hands as personal representative of the estate of Ann Irene Jones.*